SALGADO *v.* VILLAMIL ET AL.

APPEAL from the District Court of Arecibo.

No. 238.—Decided May 27, 1908.

DEPOSITION OF WITNESSES IN A FOREIGN COUNTRY—TESTIMONY UNNECESSARY—UNIMPORTANT EXCEPTION.—An exception to a ruling admitting as evidence a notarial document attached to the complaint which was executed in a foreign country, and the authenticity and execution of which has not been denied, and which document contains the testimony of witnesses with respect to facts admitted in the answer, such testimony having been subsequently ratified personally in Porto Rico by means of a deposition taken in the presence and without the protest of the counsel for the adverse party, is of no importance whatever, and an order admitting the same in evidence is not error.

ID.—OWNERSHIP OF PROMISSORY NOTES—PERTINENT DEPOSITIONS.—One of the questions involved in the litigation being the ownership of promissory notes upon which it is sought to recover in a suit, the testimony of various witnesses taken in accordance with the law of evidence, and tending to establish this fact, is pertinent and admissible as evidence, because it relates to the material facts in a suit.

ADMISSION OF EVIDENCE—NO INJURY BY REASON OF ADMISSION.—The admission of evidence which is not absolutely necessary does not constitute a serious error, provided that the result thereof does not injure the rights of the parties and if it refers to a collateral fact, the judge may permit an inquiry into the same.

PROMISSORY NOTE—COLLECTION THEREOF BY INDORSEE—OWNERSHIP OF PROMISSORY NOTE.—Where a plaintiff alleges and proves that he seeks to recover upon promissory notes in his own right as the owner thereof by virtue of delivery to him in payment, the provisions governing contracts of agency are not applicable.

ID.—PURCASE AND SALE OF HEREDITARY RIGHTS AND ACTIONS—COMMERCIAL TRANSACTION.—Notes made out to order which arise out of transactions involving the purchase and sale of hereditary rights and actions are not considered commercial, because such are not commercial transactions as defined by paragraph 2 of article 2 of the Code of Commerce.

DEFAULT IN PAYMENT OF INTEREST—PROMISSORY NOTES NOT COMMERCIAL.—In accordance with section 1067 of the Revised Civil Code, the maker of a promissory note is in default from the time that demand is made upon him for the payment thereof after maturity, and such a note will not, for this reason, be recorded as a commercial document.

PRESCRIPTION—COLLECTION OF PROMISSORY NOTES NOT COMMERCIAL DOCUMENTS.—An action to recover the amount of a promissory note not arising out of a commercial transaction prescribes after 15 years, because in such a case a personal action is involved, which actions are governed by the provisions of section 1865 of the Revised Civil Code.

JOINT SURETY—MEANING OF THE TERM "DEBTOR AND PRINCIPAL" UPON A NOTE.—The person who signs a promissory note guaranteeing payment thereof, as debtor and principal is a "joint surety" because these words have the same signification.

NOVATION—INCIDENTAL MODIFICATIONS.—Incidental modifications made in an obligation do not extinguish the same by novation.

ID.—NOT PRESUMED.—Novation is never presumed, but must be proved.

DEFAULT IN PAYMENT OF INTEREST.—Where interest for default has been stipulated, it must be allowed from the date of the service of notice of the complaint, which must be regarded as a judicial demand for compliance with the obligation.

The facts are stated in the opinion.

*Messrs. Sarmiento and Large* for appellant.

*Messrs. Cuevillas and Méndez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

By public deed executed in Manatí, under No. 279, on June 11, 1897, before Notary Francisco y Nater, the defendant, Peregrino Villamil, acknowledged that he was indebted to Pilar Torrado in the sum of 9,800 *pesos,* provincial money, which sum he agreed to return in the following form: 1,300 *pesos* on May .30, 1898; 1,400 on May 30, 1899; 1,400 on May 30, 1900; 1,400 on May 30, 1901; 1,500 on Mary 30, 1902; 1,500 on May 30, 1903, and the remaining 1,300 on May 30, 1904.

It was agreed by the fourth clause of the foregoing deed that the other defendant, Ramón Torrado y Cardalda, would be jointly and severally liable as surety for said sum owed by Peregrino Villamil.

This debt emanated from the purchase under deed No. 279, executed before Francisco Y. Nater, a notary of Manatí, on June 11, 1897, by Peregrino Villamil to Pilar Torrado, not only of the interest and rights which the deceased son of the vendrix, Ramón Fernández Torrado, known in this Island by the name of Ramón Villamil y Torrado, had as a member of the commercial firm of Villamil y Hermano, which did business in Arecibo, but also of the rights and interests which pertained to him in this province, independently of said firm, which has passed under his will to his mother, the vendrix, Pilar Torrado.

These two deeds appear to have been executed by Eugenio Salgado y Trillo as the attorney in fact of said lady, who at that time was residing in Spain.

As a consequence of the foregoing transactions, Peregrino Villamil executed seven notes in favor of Pilar Torrado or to her order, on June 11, 1897, the date of the foregoing deeds, one of them for 1,300 *pesos,* provincial money, said to be lost; five for 1,500 *pesos* each, and another for 1,000 *pesos,* payable on the dates mentioned above. These private documents set forth that the debt is derived from the purchase of hereditary interests and rights pertaining to Pilar Torrado as the universal successor of Ramón and Manuel Fernández y Torrado. Each of the said documents is signed by Peregrino Villamil, as the direct debtor, and by Ramón Torrado y Cardalda, as surety and principal, and they refer expressly to the deed executed on the same date.

It likewise appears therefrom that Pilar Torrado indorsed them on April 8, 1898, in favor of Eugenio Salgado Trillo, with the words "value on account," the indorsement being signed at the request of said interested party owing to

her inability to do so, by the witnesses, Angel Y. Barros, and Ramón Neira.

Under these circumstances, the complaint was filed in the District Court of Arecibo on June 15, 1906, notice having been served on the 16th upon the defendants, who are Peregrino Villamil, as the direct debtor, and Ramón Torrado Cardalda, as surety and principal.

In this complaint, it was sought to recover the 9,800 *pesos,* provincial money, equivalent to $5,880, in arrears, plus $1,748.98, representing legal interest at the rate of 6 per cent per annum from the date the debt fell due to April 30, 1906, plus interest at the rate of 6 per cent per annum accruing on the principal and the aforementioned interest, from May 1 to the date of payment.

The defendants acknowledged in their answer the debt of 9,800 *pesos,* provincial money, falling due as stated, as also that such debt is the result of the purchase and sale of hereditary rights and interests. They admit that such debt has not been paid and allege that Ramón Torrado signed the notes as a simple surety and principal, and not as a joint surety.

They deny owing any interest, and also that the plaintiff is the owner of the notes, and allege prescription based on the provisions of article 950 of the Commercial Code in force in Porto Rico.

The judge of the district court, after the trial had been held, rendered judgment on November 4, 1907, in accordance with an opinion which forms part of the record, holding that the facts and the law were in favor of the plaintiff as to the sum of $5,880 and legal interest thereon from the date of the filing of the complaint, and, consequently, adjudges the defendants to pay jointly and severally to the plaintiff the said sum plus interest at the rate of 6 per cent from June 16, 1906, to the date of the payment, and the costs.

The defendants took an appeal from the entire judgment on November 14, 1907.

The plaintiff also appealed on the 15th of the same month and year from said judgment in so far as it denied interest on the seven notes, the amount of which it was sought to recover in this action, from the dates they fell due, to the date the complaint was filed.

The record contains a bill of exceptions and a statement of facts, both of which are approved and signed by the trial judge.

Four exceptions were taken:

First. This relates to the notarial act containing the declaration of Severo Ochoa y Pérez, given in Luarca, Spain, a copy of which deduction is attached to the complaint. The purpose thereof is to prove the loss of the note for 1,300 *pesos* which fell due on May 30, 1898. Its authenticity and execution were not questioned, but objection was made because this declaration was not taken in the form of an affidavit deposition, or oral examination, and, therefore, it was argued that the witness should have been heard at the trial in the presence of all the parties and subjected to their examination if they saw fit to be present and examine him, from which fact the defendants deduce that section 119 of the Code of Civil Procedure upon which the judge bases his decision, has been improperly applied, and that sections 20 and 123 of the act regulating the introduction of evidence, approved March 9, 1905, was improperly not applied.

Second. This exception relates to another notarial act executed by Eugenio Salgado Trillo, in Spain, which states that by notarial act of April 8, 1898, Pilar Torrado had agreed to indorse the notes to him and had done so before Notary José Barreiro Meiro. A copy of said act was also annexed to the complaint, and without denying its authenticity and execution, objection is also made on the same grounds as the previous one and the same violations are alleged.

The appellants and defendants acknowledge that these two exceptions are of little importance with reference to the cardinal points of the questions to be decided in this case.

But we must consider them, even though superficially.

It is true that no commission appears to have been conferred in legal form, as prescribed by section 138 of the act regulating the introduction of evidence, when depositions taken outside of Porto Rico are involved, as in this case. And such omission would surely constitute an error worthy of being taken into consideration if special circumstances were not present which destroy the first impression caused by the form in which this evidence has been presented.

As a matter of fact, Severo Ochoa y Pérez subsequently, on April 9, 1907, testified before the municipal court of this city, which had been commissioned for the purpose, when he ratified his declaration contained in the aforementioned notarial act, executed in Spain on July 25, 1905, and this deposition in the municipal court was taken in the presence of cousel for the defendant, Francisco de la Torre, without any protest being made, so that it became perfectly validated.

Furthermore, this declaration as well as that of Eugenio Salgado Trillo, was in every way unnecessary because the facts they seek to prove are accepted in the answer, as shown by the acknowledgment of the entire debt represented by the notes, including that lost, and the acknowledgment of their existence and of the indorsements on the back thereof.

It is for this reason no doubt that the defendants and appellants acknowledge that these two exceptions are of no importance.

·Third. This relates to the depositions of Avelino Ferreiro Cores, Pedro de Cores Mosquera, Francisca Fernández Torrado, Alejandro Treviño Cores, Vicenta Fernández Torrado, Manuel Fernández Torrado, Jesús Fontan and Fidel Suárez Trillo, whose depositions were taken in Villagracia, Province of Pontevedra, Spain, after application for the issue of the proper commission, under the rules of the act regulating the introduction of evidence, contained in sections 138 and 139 thereof, after notice to the parties. These depositions tend to show that on August 6, 1901, Pilar Torrado assigned in

payment to the plaintiff, Eugenio Salgado, for value received, the notes the subject of this action, and the judge of the Arecibo court being convinced that the depositions had been taken and returned in accordance with the rules, they were admitted and ordered read in evidence.

The defendants do not object to the form and manner in which they were taken. The objections consist in that the depositions do not constitute pertinent evidence because they do not relate to any material allegation of the complaint and they deduce that by their admission, the provisions of sections 33 and 34 of the act regulating the introduction of evidence have been violated.

But this is not so. The plaintiff, Eugenio Salgado Trillo, in his complaint, claims in his own right the sum owed to which the notes signed by the defendants refer, and the latter in their amended answer deny that the ownership of such documents had been assigned to them and allege that by the indorsements a commission for collection only was granted them.

The point having been raised in this manner, it became necessary for the plaintiff to prove that the indorser, Pilar Torrado, had given him the amount of these notes in payment, and this is the tendency of the depositions attacked as impertinent.

It is true that only material allegations need be proved, but this does not prevent the court, in its discretion, from permitting the investigation of an incidental fact, provided the latter bore a direct relation to the question in controversy, and was neccessary for its proper determination; so that the provisions of sections 33 and 34 of the act regulating the introduction of evidence, far from having been violated, have been properly applied, as is the case with reference to the provisions of subdivision 13 of section 35, which authorizes evidence of any other facts from which the facts at issue are presumed or are logically inferable.

Consequently, these depositions have all the relevancy necessary, and were properly admitted.

Fourth. This related to the will of Pilar Torrado, made in Spain on September 14, 1896, which was introduced to show that the witnesses who made the depositions objected to and who allege therein that they are the heirs of said lady, were actually such heirs.

Objection is made to this evidence on the ground that it does not correspond to the allegations and is not relevant to the question in dispute, because the inheritance of Pilar Torrado has not been alleged by any of the parties.

But let us return to section 34 of the act regulating the introduction of evidence, which leaves it to the discretion of the judge to permit inquiry into a collateral fact when it affects the credibility of a witness.

And the fact is that the witnesses who testified in Spain and whose depositions were objected to, claimed to be the heirs of Pilar Torrado, and the will of the latter is convincing of the fact that they told the truth.

It may be that this was not absolutely necessary. At any rate, and even if the immateriality of this evidence were acknowledged, we would that find it has not prejudiced any of the points of the defense of the defendants and appellants.

Let us now enter upon an examination of the principal issues which the latter raise, which are the following:

First. That the plaintiff, Eugenió Salgado Trillo, could not, either in his own right, nor as the attorney in fact of Pilar Torrado, under the indorsements on the notes exercise the causes of action derived from such notes in favor of the latter.

Second. That the notes originated from a commercial transaction and the causes of action derived therefrom have prescribed according to the provisions of article 950 of the Code of Commerce, because more than three years have elapsed.

Third. That it has not been established that Ramón Torrado guaranteed said notes.

With regard to the first question, the moment the witnesses testified in Spain as to the assignment in payment for value received to the plaintiff Salgado by Pilar Torrado of of the amount represented by the notes, and it being evident that the credibility of these witnesses has not been questioned, and the defendants not having sought to prove that the indorsements on said documents constituted only a simple commission for the collection, as alleged in the amended answer, there is no doubt that Salgado collects the amount thereof in his own right because the ownership of the notes was assigned to him and in the conveyance of these credits all legal requisites are present, because the nullity of such transaction has not been discussed in any way, and still less has it been proven.

Under the circumstances, it is not possible to maintain the violation of the provisions governing a contract of agency, which cannot be properly applied in this case, because although Eugenio Salgado was the attorney in fact of Pilar Torrado, he was not such attorney in fact when he brought the action, because the principal had already died and he was the owner of the notes under a legitimate title, and for this reason asserted his right of action in his own right, demanding that which had been given him in payment, and this being the case, the complaint also states facts sufficient to constitute the cause of action which he asserts.

Second question. In the case of *Augustín Hernández* v. *José de los Santos Muñiz,* 10 P. R. Rep., p. 16, following the doctrine announced in recent decisions on the subject by the Supreme Court of Spain, we held that notes payable to order and their indorsements, must be considered as commercial acts in accordance with the provisions of article 2 of the Code of Commerce, because they are expressly defined in said Code, the presumption existing, therefore, that they are derived from commercial transactions, in the absence of proof to the contrary.

But in this case the notes derived from purchase and sale of hereditary actions and rights as stated in the text thereof, and were attached to the complaint, and, according to the public deed number 277 of July 11, 1897, their genuineness has not been attacked.

The second paragraph of the second article of the Code of Commerce considers commercial transactions to be those enumerated in said Code and "any others of a similar character."

Is the sale of hereditary rights and actions of a character similar to those therein enumerated? Not at all, because only those acts may be included in the question and be considered as commercial in which either in the purchase or in the sale the parties have the intention of profiting, and base their civil status on such transactions.

This sound deduction, in view of the nature of commerce, appears in the Code commented upon and annotated by the editors of the *Revista General de Legislación y Jurisprudencia,* founded by José Reus ÿ García, in commenting on the second article.

A purchase and sale of personal property for resale, either in the form purchased or in a different form, for the purpose of deriving profit in the resale, shall be considered a commercial transaction. (Article 325.)

It does not appear that the purchaser, Peregrino Villamil, sold the hereditary actions and rights which he had acquired either in the same or in any other form, but the most that can be conceded is that he sold very different things—that is to say, the aliquot part which the vendor, Pilar Torrado, had in each of the effects of her trade by inheritance from her children.

So that the presumption that the notes were derived from a commercial transaction is refuted by the evidence against it, consisting in the notes themselves, the deed of sale and the fact that no intention is observed of obtaining any profit,

because the only intention discovered in the vendor and in the vendee, is to break their connections with the commercial firm of Villamil y Hermano, although other rights and actions independent of those relating to the firm were also the subject of the sale, and this is another reason in support of the affirmation that the notes are not derived from a commercial transaction. The defendants maintain that the plaintiff has impliedly acknowledged the commercial character of the notes, because in his complaint he seeks to recover legal interest from the date of the maturity of such documents, and this cannot be done except under the provisions of article 63 of the Code of Commerce.

But this deduction can be maintained only if the prayer of the complaint be considered by itself. But the second paragraph of the fourth allegation thereof reads as follows: "Demand for payment of said notes was made on the defendants, at the time they respectively matured, without success."

And it is evident that if, according to the plaintiff, demand for payment was made extrajudicially at the time the notes respectively fell due, from this moment they were in default, and upon this particular being proved, the plaintiff had the right to recover interest from the dates of their maturity, without thereby giving a commercial character to the notes, but on the contrary conforming strictly to the provisions of section 1067 of the Revised Civil Code.

So that from no point of view can it be maintained that commercial notes are involved herein.

As the evidence has shown, an obligation of a purely civil character is involved to which the provisions of article 960 of the Code of Commerce do not apply as to the prescription thereof, but the provisions of section 1865 of the Revised Civil Code apply, because the exercise of a personal right of action, such as that exercised, being involved, the term for prescription is 15 years and such time has not elapsed since the obligations here sought to be recovered fell due.

Third question. It has been established by the evidence that Ramón Torrado guaranteed these notes which were admitted in evidence without any objection whatsoever, and obligated himself jointly as surety, not only in instrument number 279 of June 11, 1897, but also because in the notes themselves he bound himself as debtor and principal, a term which has the same scope as that of a joint surety.

But the appellants and defendants maintain the opposite proposition because the amount of the installments stipulated in deed number 279 of June 11, 1897, are not the same which appear in the notes, although the total sum of both is 9,000 *pesos,* provincial money, which is the total debt. This is an insignificant detail which does not involve a novation of the contract as alleged.

It must be conceded that this small difference 'does not change the object of the obligation nor its principal conditions. The text of the notes refers to the deed number 279, and as may be observed there is perfect compatibility between both.

The Supreme Court of Spain held in its opinion of April 4, 1892, that incidental modifications introduced in a pre-existing obligation, do not extinguish it by novation, and it has also held in its opinions of December 15 and January 25, 1889, that novation can never be presumed, but must be proved, and not only has no attempt even been made to prove this, but the novation is alleged for the first time, here in this Supreme Court, and we have devoted some time thereto only out of consideration to the learned counsel for the defense although we were not obliged to do so on account of the inopportune time at which this question has been raised.

Hence, the provisions relating to the extinction of the obligation by novation have not been violated either, and we must conclude with the affirmation that Torrado jointly guaranteed the notes, the amount of which it is sought to recover in the complaint.

Now, finally, we must treat of the appeal also taken by the plaintiff from the judgment of the Arecibo court with respect to the refusal to allow legal interest from the date of the extrajudicial demand.

But the judge, examining and comparing the deposition of Manuel Lomba, the letter of Peregrin Villamil, identified as his, the deposition of Severo Ochoa and the letter from Ledesma Artau & Co., addressed to Eugenio Salgado, maintains that there is no clear evidence of the extrajudicial demand required by section 1067 of the Civil Code, and states that he is in doubt, and under the circumstances, is in favor of the defendant and finally decided to refuse interest from the date claimed.

As a matter of fact the evidence introduced on this point is not clear; it is even contradictory, and if it raised doubts in the mind of the judge who heard the testimony and could consider details which we cannot consider in an appeal, it is proper and discreet that we uphold the opinion of the trial judge on this point.

Legal interest must be allowed from the date of service of notice of the complaint—that is to say, from June 16, 1906—which is the date on which it must be held that the performance of the obligation was judicially sought when, as in this case, no interest was stipulated.

In view of the reasons stated, the judgment appealed from should be affirmed in every respect, with no special taxation of the costs of this appeal.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Wolf dissented.